**COOPER'S HOME FURNISHINGS, INC., a Delaware corporation, Plaintiff,**

**v.**

**Lester LOLLEY, Defendant.**

**COOPER'S HOME FURNISHINGS, INC., a Delaware corporation, Plaintiff,**

**v.**

**Junior Lee KING, Defendant.**

Superior Court of Delaware, New Castle.

Oct. 9, 1970.

Frederick Knecht, Jr., Wilmington, for plaintiff.

Harold N. Green, Asst. City Sol., Wilmington, for defendants.

OPINION

MESSICK, Judge.

In both the cases under consideration in these motions the judgment defendant purchased furniture from the judgment plaintiff on credit and defaulted in his promised payments. As a result a judgment was confessed against the judgment defendant by the plaintiff for the amount of the bill. Subsequently, an attachment was issued and the writ served by the Sheriff of New Castle County upon the employer, which in both cases was the City of Wilmington, by service upon the City Treasurer, Public Building, Wilmington, Delaware. In the case of Cooper's Home Furnishings, Inc. v. Lester Lolley, the Sheriff of New Castle County served a first pluries attachment fi. fa. to the June Term, 1969, upon Mrs. S. Spencer of the office of the City Treasurer, Public Building, Wilmington, Delaware on April 14, 1969. The City of Wilmington as garnishee filed no answer in this Court but made one deduction from the judgment defendant's pay in the sum of $7.90 in response to the writ. That single deduction was sent to the Sheriff of New Castle County who in turn transmitted this $7.90 deduction to the plaintiff's attorney.

In the case of Cooper's Home Furnishings, Inc. v. Junior Lee King, a first pluries attachment fi. fa. to the September Term, 1969, was issued and served by the Sheriff of New Castle County upon Mr. B. O'Donnell of the Office of the City Treasurer, Public Building, Wilmington, Delaware. This attachment was served on July 14, 1969. Again no appearance was made by garnishee and no answer was filed in response to the attachment. One deduction was made from the judgment defendant's pay in the sum of $8.90 in response to this writ which was sent to the Sheriff of New

Castle County and then the Sheriff of New Castle County sent the $8.90 to the plaintiff's attorney.

The plaintiff's attorney has now filed a motion in this Court to compel the garnishee, pursuant to 10 Del.C. § 3509, in each case, to appear in this Court and answer or plead to the first pluries attachment fi. fa. served upon the Office of the City Treasurer as garnishee by the Sheriff of New Castle County. The judgment plaintiff further moves the court for an order directing the City of Wilmington as garnishee to pay to the Sheriff of New Castle for the benefit of the judgment plaintiff 10% of the judgment defendant's wages from the date of the service of the attachment by the Sheriff of New Castle County in each case until the return date of the attachment writ in each case.

Determination of the issues raised will be made in accordance with the provisions of the following statutes and rules of court.

Title 10, Del.C. § 3509, reads as follows:

"If any garnishee, duly summoned shall not appear as required, he may be compelled, by attachment, to appear and answer or plead. The plaintiff may be compelled to pay a fee to the garnishee in such amount as may be fixed from time to time by rule of the Superior Court."

Rule 5(aa) (2) of the Superior Court Rules—Civil, reads as follows:

"Any garnishee duly summoned (either on mesne writ of attachment or execution process) shall serve upon plaintiff a verified answer within twenty days after service of process, which shall specify what goods, chattels, rights, credits, money or effects of a defendant, if any, he has in his possession or custody. Within ten days after service of such answer, plaintiff may serve exceptions thereto, and the proceedings on the issues thus raised shall be had as in actions commenced by summons. If no exceptions are filed by plaintiff to garnishee's answer within the ten day period as afore-said, a delivery to the Sheriff of the property set forth in the answer by the garnishee or so much of it as shall satisfy plaintiff's demand, shall be a complete discharge of the garnishee in the proceedings, and the Sheriff shall make a suitable supplemental return on the writ showing the property which has been delivered to him by the garnishee, and shall hold such property subject to the order of the Court. Unless the garnishee delivers such property to the Sheriff within five days after the expiration of the ten day period for plaintiff's exceptions, if any, the Sheriff shall on order of the Court physically seize any property subject to seizure, and with respect to any property set forth in the answer which is not seized or delivered to the Sheriff, the plaintiff on motion may have personal judgment entered against garnishee in favor of plaintiff in an amount equal to the value of the property of defendant in garnishee's custody or possession, or the amount of the plaintiff's judgment, whichever is less, with interest and costs. Before the Sheriff shall serve any writ of attachment, he shall receive from the plaintiff the sum of $20.00 for each party to be summonsed as garnishee (except as to garnishment governed by the terms of 10 Del.C. § 4913) and said sum shall be delivered to each garnishee when the summons is served; the return on the writ of garnishment will show the garnishee fee paid, which will be taxed as costs in the case; no garnishee will be required to answer without first having received the garnishee fee as aforesaid."

Title 10, Del.C. § 4913(a) and (c), reads as follows:

"(a) Ninety per cent of the amount of the wages for labor or service of any person residing within New Castle County, and sixty per cent of the amount of the wages for labor or services of any person residing in Kent or Sussex County, shall be exempt from mesne attachment process and execution attachment process under the laws of this State, except where the

execution attachment process is for board or lodging or both, and for an amount not exceeding $50 exclusive of costs."

"(c) On any amount of wages due for a stated and regular period, not exceeding one month, for the payment of such wages, only one attachment may be made; any creditor causing such attachment to be made, shall have the benefit of his priority. The garnishee in any attachment made under the provisions of this section shall be paid the sum of fifteen cents; and the total liability of the debtor for costs under any attachment, laid in accordance with the provisions of this section, shall not exceed the sum of ninety cents. The costs, incurred in the laying of any attachment under this section, shall be paid out of the whole amount of the wages attached, notwithstanding the provisions of subsection (a) of this section exempting ninety or sixty per cent of wages, as the case may be."

It is the position of the garnishee that payment of the statutory amount made directly to the Sheriff upon notice of garnishment constitutes more than 10 Del.C. § 3509 requires and eliminates the need to file an answer. In addition, the garnishee argues that under 10 Del.C. § 4913(a) and (c), the writ of attachment requires only one deduction of 10% of the sum of money due and owing at the time the writ is served, and there is no continuing effect of the writ beyond that moment.

■ It is the opinion of the Court that under the clear and unambiguous language of 10 Del.C. § 3509 and Rule 5(aa) (2), a garnishee must file a verified answer within 20 days following the service and process upon him. § 3509 provides that the garnishee himself is subject to attachment if he fails to appear and answer or plead. It is clearly insufficient for the garnishee, without notice to the plaintiff creditor and without any verification or statement to plaintiff as to the value of property or amount of wages in the hands

of the garnishee, to unilaterally determine what total sum is due and owing, to compute 10% of that amount, and put in the hands of the Sheriff an unverified sum of money in satisfaction of the garnishment proceeding. Judicial procedure has always required orderly methods and timely filing to assure that each party to any proceeding has equal opportunity to present and plead his case. The payment of an unverified sum to the Sheriff, without more, cuts off the creditor's rights to take exception to the garnishee's figures or valuations, and is in contradiction of the clear meanings expressed in the statute and the rule. The garnishee must file a verified answer.

■ The second argument advanced by the garnishee is also without merit. Garnishment attaches at the time the garnishee is served and continues upon all moneys which accrue to the debtor's credit until the garnishment is answered. There is nothing in the language of § 3509 or § 4913 which indicates that only wages due and owing at the time of service of the garnishment summons are subject to attachment. Had the legislature intended that effect it could have so worded the statutes. Instead, § 4913 limits wage attachments to the amount due for a stated and regular pay period, except that no such pay period shall exceed one month.

In 2 Wooley on Delaware Practice, Section 1192, at Page 818, it is stated:

" * * * the garnishee in his answers should cover all the goods, chattels, rights, credits, money and effects which were in his hands, not only at the time of the attachment, but at any time thereafter, to the date of his answer. This continuing characteristic of the attachment, extending the force of the process from the time of service to the time of answer, is well recognized and is of especial use in attaching rents, some of which may accrue after attachment and before answer. So in attaching rents, the answer of the garnishee is frequent-

ly postponed by the plaintiff until near the end of the second term after the attachment has been laid, and at a period just before the attachment, without an answer, would be dissolved by limitation thereby catching any rent due at the time of the attachment, and, in case of monthly rent, catching the rent due for each month thereafter, until the answer is made. Precedence on an attachment may be thus maintained for several months, covering several rental periods."

Thus, Delaware law contemplates attaching property which comes into the hands of the garnishee subsequent to the serving of the attachment upon the garnishee until the garnishee makes his answer.

Plaintiff's motions are granted.

It is so ordered.